## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| William Joseph Sullivan, | Case No. 23-cv-205 (WMW/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tracey Beltz and Keith Ellison, | |
| Respondents. | |

William Joseph Sullivan, MCF-Faribault, 1101 Linden Lane, Faribault, MN 55201, pro se.

Michael J. Lieberg, Stearns County Attorney's Office, 705 Courthouse Square, Room 448, St. Cloud, MN 56303, for Respondent Tracey Beltz.

Edwin William Stockmeyer, III, and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota St., Suite 1800, St. Paul, MN 55101, for Respondent Keith Ellison.

This matter is before the Court on Petitioner William Joseph Sullivan's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1 ("Petition")]; (2) Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 6 ("IFP Application")]; (3) motion to "vacate all charges" and "release prisoner [ECF No. 11 ("Release Motion") (capitalization amended)]; (4) motion to "introduce newly discovered evidence" [ECF No. 23 ("Evidence Motion") (same)]; and (5) motion for "emergency release" [ECF No. 31 ("Second Release Motion") (same)]. The matter is also before the Court on Respondent Keith Ellison's Motion to Dismiss Petition for Writ of Habeas Corpus [ECF No. 17 ("Motion to Dismiss")]. For the following reasons, the

Court recommends dismissing all of the Petition's ground, denying the Petition, and denying as moot the various subsidiary motions still pending.

## BACKGROUND

Sullivan is presently incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota, after an October 2016 conviction of two counts of first-degree criminal sexual conduct. *See State v. Sullivan*, No. A17-0426, 2019 WL 1510834, at *1 (Minn. Ct. App. Apr. 8, 2019). [*See also, e.g.*, Register of Action, *State v. Sullivan*, No. 73-CR-13-5272 (Minn. Dist. Ct.) ("State-Court Docket").[1]] A Minnesota state-court judge sentenced Sullivan to 180 months imprisonment. *Sullivan*, 2019 WL 1510834, at *1. The Petition—received by the Court on January 26, 2023—raises several challenges to Sullivan's conviction. [*See* Pet. 5–10.[2]]

Ground 1 reads as follows:

> Judge allows prosecution witness to return to New York at 4:30 PM on first day of trial after testifying, thus we were not allowed to cross exam her after testimony of immigration attorney Edith Hernandez testimony and due to this it was [senseless] to have Mr. John M. Sampson retired HIS and Border Patrol/Customs to testify.
>
> Also the two rape specialists who did rape test on [H.W.] refused to come and testify as to [their] findings of "No Evidence of Rape" and judge refused to send warrant to bring them [into] court. And the original statements could not be [corroborated] by trooper. He became blind and could not attest to his written record.

---

[1] The docket in Sullivan's state-court criminal matter, like various other state-court filings cited in this Order, is not attached to any of this action's filings. But because these documents are public state-court records, the Court may take judicial notice of them. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Rubbelke v. Zarembinski*, No. 23-CV-0707 (PJS/ECW), 2023 WL 3094371, at *1 n.1 (D. Minn. Apr. 26, 2023) (citing *Stutzka*).

[2] Citations to materials filed in this action use the page numbers provided by the Court's CM/ECF filing system.

[*Id.* at 5 (capitalization amended).]

Ground 2 states:

> April 8, 2022 we had Zoom meeting to present new evidence and request new trial, evidence of confession of witness [H.W.] admitting to her lies at trial, and signed notarized affidavit by [J.L.] stating she sent me the email in 2014 with the letter from [H.W.].
>
> The state prosecutor admits they don't know where [H.W.] is, this is big problem for them, my investigators tell me she is back in China so [J.L.], we are trying to get her on Zoom [hopeful] soon we will have video.

[*Id.* at 7 (same).]

Finally, Ground 3 alleges:

> [Sullivan's] attorney Daniel Eller never told [Sullivan] about a [second] plea bargain he received an email and 15 minutes later he replied to it by saying no to it[.]  He never contacted me in county jail[.]  It was for Alford plea, also I filed ineffective [counsel] and won my case [through] Office of Lawyers Professional Responsibility in St. Paul, MN[.]  He violated several rules of bar and [Minnesota] law.

[*Id.* at 8 (same).]

## ANALYSIS

**A.   Ground 1**

The Court will address the Petition's counts in turn.  As noted above, Count 1 complains of various purported evidentiary issues that arose during Sullivan's trial.  For Count 1, the Court concludes that the limitations period of 28 U.S.C. § 2244(d) bars Sullivan's argument.  Under § 2244(d),

> (1)   [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

> pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Nothing in the Petition suggests that the sorts of limitations issues detailed in § 2244(d)(1)(B)–(D) affect Ground 1. This means that § 2244(d)(1)(A) sets Sullivan's deadline to raise Ground 1 concerns. The Court has already laid out the consequences here:

> State-court records show that the Minnesota Court of Appeals ruled on (in relevant part) Sullivan's direct appeal in a decision dated April 8, 2019; that Sullivan's then-attorney petitioned the Minnesota Supreme Court for review; and that the Minnesota Supreme Court denied the petition in an order dated June 26, 2019. It does not appear that Sullivan petitioned the U.S. Supreme Court for certiorari, so "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" was ninety days after

4

> the petition for review's denial.  This comes to September 24, 2019.  Under § 2244(d)(1)(A), then, Sullivan's deadline to file the Petition was a year later: September 24, 2020.  As noted above, though, the Court got the Petition in January 2023.

[ECF No. 26 at 3 ("April 2023 Order") (citations omitted).]

Barring any tolling period, then, § 2244(d)'s limitations period bars the Court from considering Ground 1.  The April 2023 Order therefore ordered Sullivan to show cause why the Court should not recommend dismissing this action—including Ground 1—based on § 2244(d).  [*See id.* at 3–4.]  Sullivan filed a response later in April making certain factual claims, but none solved Ground 1's limitations problem.  [*See* ECF No. 27 at 1–2; *see also, e.g.*, ECF No. 33 at 4–5 (discussing Sullivan's filing as pertinent to Ground 1).]  The Court therefore recommends denying Ground 1 of the Petition as untimely.

**B.     Ground 2**

Ground 2 asserts that new evidence shows Sullivan's innocence.  As the Court understands Sullivan's arguments—in the Petition and later filings—there are two different sorts of new evidence in play.  The Court will thus begin with some context.

**1.     Ground 2 Background**

The victim in Sullivan's criminal-sexual-conduct convictions was his former wife, H.W.  [*See, e.g.*, *Sullivan*, 2019 WL 1510834, at *1; Am. Compl. 1–2, *State v. Sullivan*, No. 73-CR-13-5272 (Minn. Dist. Ct. Oct. 3, 2016).]  Sullivan's appeal, which combined his direct appeal with an appeal of the trial court's denial of a first postconviction-review petition, did not raise issues concerning new evidence.  [*See generally Sullivan*, 2019 WL 1510834, at *2–4 (noting no such issues in discussing issues presented on appeal).]  In

January 2021, represented by counsel, Sullivan submitted a letter to the trial court asking to reopen his criminal case, noting certain new evidence:

> Recently we have discovered new evidence that the accuser [H.W.] was making false statements to the court to convict [Sullivan]. We have her own statement admitting to [Sullivan] that she had to lie to the Court in order to get her immigration status in this country and she apologized to [Sullivan]. We have attached the statement she sent, also with notarized translation.
>
> [Sullivan] has been diligently looking for this email and has now found it. We have been trying to get this piece of evidence from AOL for a number of years. After we have sent the request [*sic*], we have engaged with the attorney for AOL and was told that their server did not archive the old mail. . . .
>
> But [Sullivan] did not give up and kept on looking for that critical piece of information. [Sullivan] himself has also provided the sworn statement attesting to the circumstances of the discovery of this letter.

[Letter to Court 1, *State v. Sullivan*, No. 73-CR-13-5272 (Minn. Dist. Ct. Jan. 4, 2021).]

In April 2021, the trial court entered an order denying Sullivan's request to reopen the case, explaining that to proceed, Sullivan needed to file a petition for postconviction review (i.e., a motion to reopen was procedurally inappropriate). [*See* Order 2, *State v. Sullivan*, No. 73-CR-13-5272 (Minn. Dist. Ct. Apr. 5, 2021).]

Eight months later, Sullivan filed (in effect) a postconviction-review petition. A supporting memorandum again referred to the new evidence: an email Sullivan had allegedly received in 2014, but recently rediscovered, on an AOL email account. [*See, e.g.*, Mem. in Supp. of the Mot. to Reopen 1, *State v. Sullivan*, No. 73-CR-13-5272 (Minn. Dist. Ct. Jan. 10, 2022).] Sullivan argued to the trial court that he only remembered this email

6

in 2018, and found it in May 2020, after his current wife looked through certain business records at Sullivan's request. [*See id*.] In April 2022, the trial court held a "hearing via Zoom" on Sullivan's motion. [*See* Order 1, *State v. Sullivan*, No. 73-CR-13-5272 (Minn. Dist. Ct. June 27, 2022) ("June 2022 Order").]

In June 2022, the trial court entered an order denying Sullivan's petition. [*See, e.g.*, *id.* at 15.] The trial court concluded that *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976), barred consideration of the new evidence because it was evidence that Sullivan knew of (or should have known of) during his appeal. [*See id.* at 9–11.[3]] The court also determined that Sullivan had not met Minnesota's three-part test for determining whether "newly discovered evidence of false testimony" justifies a new trial. [*Id.* at 12.] Specifically, the court held that Sullivan had not shown that he "was taken by surprise at trial [by the testimony] or did not know of the falsity until after trial." [*See id.* at 9 (quoting *Sutherlin v. State*, 574 N.W.2d 428, 433 (Minn. 1998)); *id.* at 13–15 (discussing this part of test).] There is no record of Sullivan appealing the June 2022 Order.

---

[3] The key factual discussion reads as follows:

> Although [Sullivan] now claims that he forgot about [H.W.'s] statement, the Court finds that he should have known about it at the time of trial and that he deliberately and inexcusably failed to raise the issue on appeal. [Sullivan] had evidence in his personal possession, which he had read and was aware of in 2014, that he could have used to impeach [H.W.] at trial. He represents that it directly contradicts [H.W.'s] trial testimony and related to the defense theory of the case, that [H.W.'s] claims of sexual conduct were fabricated for immigration purposes. Despite this, in the time preparing for trial [Sullivan] never raised the statement and, in fact, denied any contact with [H.W.] after 2012. [Sullivan] clearly raised the statement at some point while his appeal was pending. He asked both [James Yantzer, a work acquaintance] and his trial counsel to find the statement through his AOL account. [Sullivan] did not, however, raise the statement in his appeal. He waited until 2020, after his appeal was complete and at least a year-and-a-half after first asking [Yantzer] to find the statement, to even attempt to locate it in his own records.

[June 2022 Order at 10–11.]

With this context in place, the Court turns to Ground 2. As recounted above, Ground 2's first paragraph refers to this alleged 2014 statement by H.W., so the Court can isolate where in the state-court proceedings this issue was considered. But Ground 2's second paragraph refers to "video." Nothing in the state-court postconviction-review proceedings hinged on video, so this must be (so to speak) "new" new evidence. And indeed, Sullivan has sent this Court several videos that purport to show H.W. admitting that she lied during Sullivan's state-court trial. [*See, e.g.*, Evidence Mot. 1 (discussing alleged evidence).] So Ground 2 involves two different claims of newly discovered evidence: a claim about H.W.'s 2014 statement and a claim about recent videos.

Both claims raise issues of exhaustion of state-court remedies, a requirement imposed by 28 U.S.C. § 2254(b):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i)  there is an absence of available State corrective process; or
>
> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

For § 2254(b) purposes, a petitioner has exhausted a claim when he or she has given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Brende v. Young*, 907 F.3d 1080, 1084 (8th Cir. 2018)

(citing *O'Sullivan*). In the Minnesota court system, this means presenting one's claims to the Minnesota Supreme Court. *See Latimer v. Smith*, 351 F. Supp. 3d 1218, 1224 (D. Minn. 2018) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)); *see also, e.g.*, *Brown v. Minnesota*, No. 22-CV-1122 (ECT/BRT), 2022 WL 2975108, at *1 (D. Minn. June 28, 2022) (citing *Latimer*), *report and recommendation adopted*, 2022 WL 2974117 (D. Minn. July 27, 2022).

### 2.   2014 Statement

For Sullivan's claims about H.W.'s 2014 statement, proper exhaustion did not occur. Sullivan never raised these claims in his first appeal, and he never appealed the June 2022 Order. Furthermore, Sullivan's deadline to appeal the June 2022 Order was 60 days after its entry—in other words, August 26, 2022. *See* Minn. R. Crim. P. 28.02, subd. 1(c). At this point, then, Sullivan cannot appeal the June 2022 Order at all. His claims about the 2014 statement are thus procedurally defaulted. *See Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010) (noting of petitioner in similar situation that "[h]e technically has exhausted his state remedies for the claims . . . because it is clear that there is no state-law remedy still available," but that "he has not exhausted them *properly*; as a consequence of his failure to seek further review . . . , the claims are procedurally defaulted" (citations omitted)); *see also, e.g.*, *Stephen v. Smith*, 963 F.3d 795, 803 (8th Cir. 2020) (citing *Welch*).

When a petitioner procedurally defaults a claim, a federal court generally cannot review it. *See, e.g.*, *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022) (citing cases); *Marcyniuk v. Payne*, 39 F.4th 988, 995 (8th Cir. 2022) (same). But a petitioner can escape this consequence if he or she can "demonstrate 'cause' to excuse the procedural defect and

'actual prejudice' if the federal court were to decline to hear [his or her] claim." *Shinn*, 142 S. Ct. at 1728 (citing cases); *see also, e.g.*, *Marcyniuk*, 39 F.4th at 995 (same). Alternatively, a petitioner can also bypass procedural default by showing that failure to consider a defaulted claim would cause a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also, e.g.*, *Hartman v. Payne*, 8 F.4th 733, 736 n.2 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 1119 (2022).

In this Court's view, Sullivan cannot avail himself of the cause-and-prejudice route around procedural default. The Court need not, so will not, address whether "actual prejudice" exists here, because the cause issue is dispositive. *See, e.g.*, *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) ("If a prisoner fails to demonstrate cause, the court need not address prejudice." (citing *Mathenia v. Delo*, 99 F.3d 1476, 1481 (8th Cir. 1996)). The cause that Sullivan needs to show here is something excusing the procedural default—in this case, something excusing his failure to appeal the June 2022 order. Review of Sullivan's responses to this Court's show-cause order give no hint about what might excuse the default here. At best, Sullivan seems to suggest his inability to persuade the trial court as to the importance of H.W.'s statements means that trying to file an appeal would have been futile. Unsurprisingly, the Court is unaware of any authority excusing procedural default on this sort of theory.

This leaves the miscarriage-of-justice exception. As relevant here, the Supreme Court has stated that this exception applies to cases where the petitioner asserts "actual innocence" of the relevant crime. *See, e.g.*, *Schlup v. Delo*, 513 U.S. 298, 321–22 (1995); *see also, e.g.*, *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011). The exception is

10

available only where a petitioner makes a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup*); *see also, e.g.*, *Avila v. Janssen*, No. 19-CV-3112 (PJS/ECW), 2020 WL 8093350, at *6 (D. Minn. Dec. 22, 2020) (quoting *Brownlow*), *report and recommendation adopted*, 2021 WL 855989 (D. Minn. Jan. 25, 2021). Here the Court concludes that Sullivan's claims based on H.W.'s 2014 statements do not make the needed showing. The Court has its doubts whether those statements show that Sullivan is probably innocent, but critically, the statements are not new evidence. Nothing in Sullivan's submissions to the Court challenges the June 2022 Order's factual discussion of these statements, and it follows from that discussion that the statements are not new.

The Court therefore determines that neither exception to the general procedural-default rule applies to Sullivan's arguments based on H.W.'s purported statements from 2014. Sullivan's claims based on those statements are thus procedurally defaulted, and this Court cannot address them. The Court therefore recommends denying this portion of Ground 2 of the Petition.

### 3. Claims Concerning Video Evidence

As for Sullivan's claims about H.W.'s new videos, they present a different issue because they were never mentioned in the state-court proceedings leading up to the June 2022 Order. The issues have not been properly exhausted; it appears that no state court whatsoever has had any opportunity to consider these issues. The next question is whether

11

these claims are *also* procedurally defaulted—in other words, is Sullivan barred from bringing his video-based claims into state court?

Under Minnesota law, one must generally file a postconviction-relief petition within two years after "the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. St. § 590.01, subd. 4(a). Sullivan plainly cannot timely file a new postconviction-relief petition under this rule. But Minnesota law has an exception for cases where a petitioner "alleges the existence of newly discovered evidence." A state court can hear such a petition when the evidence

> could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition, and the evidence is not cumulative to evidence presented at trial, is not for impeachment purposes, and establishes by a clear and convincing standard that the petitioner is innocent of the offense or offenses for which the petitioner was convicted.

*Id.* § 590.01, subd. 4(b)(2). Minnesota court's apply a five-part test to determine whether this exception is met. Under the test, which follows straightforwardly from the statutory language, a petitioner must show that the evidence:

> (1) is newly discovered; (2) could not have been ascertained by the exercise of due diligence by the petitioner or the petitioner's attorney within the 2–year time-bar for filing a petition; (3) is not cumulative to evidence presented at trial; (4) is not for impeachment purposes; and (5) establishes by the clear and convincing standard that petitioner is innocent of the offenses for which he was convicted.

*Blanche v. State*, 988 N.W.2d 486, 491 (Minn. 2023) (quoting *Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012)).

Given this test and the record before this Court, the Court cannot conclusively say that a Minnesota court would bar Sullivan from using the newly-discovered-evidence exception to bring a postconviction-review petition posing his claims about H.W.'s video statements. Like Sullivan's claims about the 2014 statements, his claims about H.W.'s new videos have not been properly exhausted in state court—but unlike the 2014-statement claims, Sullivan's video claims may not be procedurally defaulted.

"When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted . . . ." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). The Court will come back to this point after addressing Ground 3 of the Petition.

**C.     Ground 3**

As noted above, Ground 3 of the Petition contends that Sullivan's trial attorney failed to give him proper notice of a potential plea offer, and that this constituted ineffective assistance of counsel. [*See* Pet. 8.] Sullivan raised this issue in his appeal to the Minnesota Court of Appeals. [*See Sullivan*, 2019 WL 1510834, at *2–3.] That court affirmed the trial court's denial of Sullivan's first postconviction-review petition. [*See id.*]

Here again Sullivan runs into a limitations problem. As noted in the discussion of Ground 1, § 2244(d) sets a one-year limitations period on petitions under § 2254. As that discussion also noted, Sullivan's deadline to file the Petition under § 2244(d) was September 24, 2020. The Petition did not meet that deadline. As a result, Ground 3 is time-barred. The Court therefore recommends denying Ground 3 of the Petition with prejudice as untimely.

13

**D.     Next Steps**

The end result of the above discussion is that of the four arguments the Petition makes—one each in Grounds 1 and 3, two in Ground 2—the Court recommends dismissing three. What remains is Ground 2's argument about newly available video evidence, an argument for which Sullivan has not exhausted his state-court remedies and for which state-court remedies may remain.

"If a federal court is unsure whether a claim would be rejected by the state courts, the habeas proceeding should be dismissed without prejudice or stayed while the claim is fairly presented to them." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995) (citing cases); *see also, e.g.*, *Zornes v. Smith*, No. 16-CV-1730 (PJS/KMM), 2016 WL 6650852, at *5 (D. Minn. Oct. 17, 2016) (citing cases, including *Sloan*), *report and recommendation adopted*, 2016 WL 6637697 (D. Minn. Nov. 8, 2016). The Court therefore recommends denying Ground 2's new-video-evidence argument without prejudice for failure to exhaust state-court remedies. This determination is without prejudice to Sullivan attempting to reraise this argument after he gives Minnesota's courts an opportunity to consider it.

In summary, then, the Court recommends denying the Petition in its entirety. Given this recommendation, the Court further recommends denying the IFP Application, Release Motion, Evidence Motion, Second Release Motion, and Motion to Dismiss as moot.

A final point concerns whether to grant Sullivan a "certificate of appealability" ("COA"). Under 28 U.S.C. § 2253(c)(1)(B), "[u]nless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued

by a State court." Under § 2253(c)(2), "[a] [COA] may issue under [§ 2253(c)(1)] only if the applicant has made a substantial showing of the denial of a constitutional right." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that no reasonable jurist would disagree with this Court's procedural recommendations. The Court therefore recommends not granting Sullivan a COA.

## RECOMMENDATION

For the reasons set forth above, and based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Grounds 1 and 3 of Petitioner William Joseph Sullivan's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] be **DISMISSED** with prejudice as untimely.

2. Ground 2 of the Petition be **DISMISSED** with prejudice as procedurally defaulted to the extent it brings claims based on written statements made by H.W. in 2014, and **DISMISSED** without prejudice for failure to exhaust state-court remedies to the extent it brings claims based on allegedly new video recordings made by H.W.

3. The Petition be **DENIED**.

4. Sullivan's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 6], motion to "vacate all charges" and "release prisoner [ECF No. 11], motion to "introduce newly discovered

       evidence" [ECF No. 23], and motion for "emergency release" [ECF No. 31] be **DENIED** as moot.

5. Respondent Keith Ellison's Motion to Dismiss Petition for Writ of Habeas Corpus [ECF No. 17] be **DENIED** as moot.

6. No certificate of appealability be issued.


Date: July  27 , 2023            *s/ Tony N. Leung*
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota


                                           *Sullivan v. Beltz et al.*
                                           Case No. 23-cv-205 (WMW/TNL)


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).