UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Joseph Sullivan, | Case No. 23-cv-0205 (WMW/TNL) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Tracey Beltz, *Warden, Minnesota Dept of Corrections, Faribault MN* and Keith Ellison, *AG*, | |
| Respondents. | |

This matter is before the Court on the July 27, 2023 Report and Recommendation from United States Magistrate Judge Tony N. Leung ("R&R").  (Dkt. 39.)  Petitioner William Joseph Sullivan and Respondent Tracey Beltz filed timely objections to the R&R. (Dkts. 40, 41, 42 and 44.)  Sullivan filed a response to Respondent Beltz's objection.  (Dkt. 43.)  For the reasons stated below, the Court overrules the objections, adopts the R&R, denies the petition and dismisses the action.

## BACKGROUND

In October 2016, Sullivan was convicted in a Minnesota state court of two counts of first-degree criminal sexual conduct.  A Minnesota state court judge sentenced Sullivan to 180 months' imprisonment.  Sullivan is incarcerated at the Minnesota Correctional Facility in Faribault.

Sullivan filed a Petition for Writ of Habeas Corpus on January 26, 2023, challenging his conviction based on an inability to examine or cross examine three witnesses, newly

discovered evidence and a plea offer Sullivan's state court attorney did not communicate to Sullivan.   Sullivan's petition named as respondents Tracey Beltz, warden of the Minnesota Correctional Facility in Faribault, and Keith Ellison, Attorney General of Minnesota.

In the R&R, the magistrate judge recommended denying the petition on all three grounds.  In particular, the magistrate judge recommended denying Sullivan's challenge to his ability to examine witnesses and to the uncommunicated plea offer because those challenges are untimely.  The magistrate judge also recommended denying the challenge to the newly discovered evidence for two reasons.  First, some of the evidence was not new and Sullivan failed to seek review of this evidence on appeal, meaning that Sullivan procedurally defaulted on this challenge to his conviction.  Second, new evidence that Sullivan did not present to the state court is not appropriate for a habeas petition because Sullivan must exhaust his state court remedies before seeking relief through a habeas petition.

Sullivan objected to the R&R, presenting the same arguments that he made before the magistrate judge.  Beltz also objected to the R&R, arguing that the magistrate judge erred by recommending that the new video evidence challenge be dismissed without prejudice.

**ANALYSIS**

The Court reviews *de novo* the portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3).  A party's

objections to an R&R must "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774 at \*2 (D. Minn. Sept. 28, 2008). An objection that restates arguments made to and considered by the magistrate judge is reviewed for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. 2015). In the absence of specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Sullivan is self-represented, the Court liberally interprets his objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

## I.

Liberally construing Sullivan's objection to the R&R, Sullivan does not identify the portion of the R&R to which he objects. Moreover, Sullivan's objection simply repeats the same arguments he presented to the magistrate judge. Sullivan's objection lacks specificity and, therefore, does not require the Court to conduct a *de novo* review of the R&R.

## II.

Beltz objects to the magistrate judge's recommendation to dismiss without prejudice part of Sullivan's challenge to his conviction based on new video evidence. Beltz argues that a challenge of actual innocence based on newly discovered evidence is not a cognizable habeas claim. Therefore, Beltz concludes, the challenge based on newly discovered evidence should be dismissed with prejudice. Beltz argues that dismissal with prejudice is important because, according to Beltz, that disposition would require Sullivan to seek leave

prior to filing a future habeas petition.   Because Beltz has properly objected to the R&R, the Court reviews *de novo* the magistrate judge's recommended disposition of the petition's claim of actual innocence based on the newly discovered video evidence.

A prisoner can petition for habeas relief if the prisoner is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Federal law limits the types of claims that can be raised in habeas petitions.  *See* 28 U.S.C. § 2254. Two limitations are relevant in this matter.  The first relevant limitation requires a prisoner to "exhaust[] the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(A). If a prisoner raises in a habeas petition a claim for which a state court remedy is available, the federal court "must defer action until the claim is exhausted," by, for example, "dismissing the federal petition without prejudice." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

The second relevant limitation only permits habeas petitions based on violations of federal law.  *See* 28 U.S.C. § 2254(a).  A claim of actual innocence based on newly discovered evidence is not the proper subject of a habeas petition.  *Clayton v. Roper*, 515 F.3d 784, 793 (8th Cir. 2008).  Nor is a habeas petition the proper procedure to challenge the factual basis of a conviction.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  Newly discovered evidence can, however, revive an otherwise-defaulted constitutional claim if the petitioner raises the newly discovered evidence as a threshold matter in a habeas petition.  *Wadlington v. United States*, 428 F.3d 779, 783 (8th Cir. 2005).

A petitioner may not file a "second or successive" habeas petition without permission granted by a federal court of appeals.  28 U.S.C. § 2244(b)(3)(A).  In this

context, "second or successive" is a term of art that does not apply to every petition filed second-in-time. *Crouch v. Norris*, 319 F.3d 720, 723-25 (8th Cir. 2001). For example, a second-in-time petition that states a claim that had not arisen at the time of the first petition is not a second or subsequent petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).

Beltz does not object to the magistrate judge's conclusions that Sullivan has access to state court procedures to raise the newly discovered video evidence and that Sullivan has not exhausted those state court remedies. The scope of Beltz's objection, therefore, is limited to whether the claim of newly discovered evidence should be dismissed with prejudice or without prejudice. Beltz argues that the claim of newly discovered video evidence should be dismissed with prejudice because, standing alone, it is not a cognizable habeas claim. Beltz also argues that the bar against second or subsequent petitions applies to Sullivan's newly discovered video evidence claim.

The law in the Eighth Circuit is clear that federal district courts should dismiss without prejudice a claim for habeas relief when an unexhausted state court remedy may exist. *See Armstrong*, 418 F.3d at 926. Beltz is correct that, without more, the newly discovered evidence claim is insufficient to grant relief. *Clayton*, 515 F.3d at 793. But, after properly exhausting his state court remedies, Sullivan may be able to use the newly discovered evidence claim in a habeas petition that raises valid habeas claims. *See Wadlington*, 428 F.3d at 783. Because the Eighth Circuit requires that district courts dismiss without prejudice a habeas petition that has an available state court remedy, the Court overrules Beltz's objection to the R&R.

5

III.

The Court reviews for clear error those parts of the R&R to which neither party objects. *See Grinder*, 73 F.3d at 795; *see also* Fed. R. Civ. P. 72(b) advisory committee's note (saying "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"). Having carefully performed this review, the Court finds no clear error and adopts the portions of the R&R to which neither party objected.

The magistrate judge also properly concluded that no reasonable jurist would debate the outcome of dismissal. *See Anderson v. Janssen*, No. 17-CV-4480 (WMW/FLN), 2019 WL 8407452 (D. Minn. Mar. 11, 2019) (standard for certificate of appealability requires a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"). Therefore, the Court will not issue a certificate of appealability.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Respondent Tracey Beltz's objection to the July 27, 2023 Report and Recommendation, (Dkt. 40), is **OVERRULED**.

2.      The July 27, 2023 Report and Recommendation, (Dkt. 39), is **ADOPTED**.

3.      Petitioner William Joseph Sullivan's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (Dkt. 1), is **DISMISSED** as follows:

a.      Grounds 1 and 3 of the Petition, as described in the July 27, 2023

Report and Recommendation, are **DISMISSED with prejudice** as untimely.

b.      Ground 2 of the Petition, as described in the July 27, 2023 Report and

Recommendation, to the extent it is based on written statements made in 2014, is

**DISMISSED with prejudice** as procedurally defaulted.

c.      Ground 2 of the Petition, as described in the July 27, 2023 Report and

Recommendation, to the extent it is based on new video recordings, is **DISMISSED**

**without prejudice** for failure to exhaust state court remedies.

4.      Petitioner William Joseph Sullivan's Petition Under 28 U.S.C. § 2254 for

Writ of Habeas Corpus by a Person in State Custody, (Dkt. 1), is **DENIED**.

5.      Petitioner William Joseph Sullivan's Application to Proceed in District Court

Without Prepaying Fees or Costs, (Dkt. 6), Motion to Vacate All Charges Release Prisoner,

(Dkt. 11), Motion to Introduce Newly Discovered Evidence, (Dkt. 23), Motion for

Emergency Release, (Dkt. 31), Motion to Change Venue, (Dkt. 45), and Motion to Appoint

Counsel, (Dkt. 46), are **DENIED as moot**.

6.      Respondent Keith Ellison's Motion to Dismiss, (Dkt. 17), is **DENIED as**

**moot**.

6.      No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 15, 2023                         s/ Wilhelmina M. Wright
                                                  Wilhelmina M. Wright
                                                  United States District Judge